IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JANICE E. NEWCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:10-cv-1230 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| ALLERGY AND ENT ASSOCIATES, | ) | JURY DEMAND |
| OF MIDDLE TENNESSEE, P.C. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Comes now Plaintiff, JANICE E. NEWCOMB, by and through counsel in support of her response in opposition to Defendants ALLERGY AND ENT ASSOCIATES OF MIDDLE TENNESSEE P.C. Motion for Summary Judgment, produces the following statements of undisputed material facts:

1. Plaintiff ("Newcomb"), was hired as an allergy nurse at Allergy and ENT Associates of Middle Tennessee P.C. in October 2000. (Complaint ¶ 10). Shortly after her employment, Ms. Newcomb became the supervisor in the allergy department. (Complaint ¶ 11, Depo. Newcomb p. 62-63)

**RESPONSE:**

2. According to Ms. Newcomb, her job required testing patients for allergies, mixing serums and giving injections. (Depo. Newcomb p. 62)

**RESPONSE:**

1

3. Upon hire, her work schedule was supposed to be Monday through Friday eight hours per day, however, Ms. Newcomb stayed over and worked extra hours on Fridays mixing serums because the clinic was so far behind. (Depo. Newcomb p. 66-67).

**RESPONSE:**

4. In or about 2006, Ms. Newcomb was inflicted with a condition known as plantar fasciitis. (Complaint ¶ 12) In 2006 Dr. Reteif began treating her for this condition and in August 2007 prescribed a cast type boot for her to wear constantly. (Depo. Newcomb p. 82-83)

**RESPONSE:**

5. Ms. Newcomb's job required substantial walking and standing throughout her day. (Depo. Newcomb p. 78, 141-142) Ms. Newcomb was given instructions from her doctor to stay off her feet and no weight bearing. (Depo. Newcomb p. 85-86) From 2006 until her discharge in April of 2009, she made numerous requests for reasonable accommodations to reduce the amount of walking she was required to do in the execution of her job responsibilities. These accommodations were denied. (Complaint ¶ 13)

**RESPONSE:**

6. In 2006 and 2007, Ms. Newcomb requested accommodation from the practice administrator, James Armistead, in regard to her plantar fasciitis. She asked to avoid excessive walking and lifting. This could have been accomplished by rearranging the office she worked in to make it more efficient and require less movement. (Complaint ¶ 13)

**RESPONSE:**



7. James Armistead, HR Director, asked Ms. Newcomb if she could continue to perform her job functions sitting on a stool, which she did. (Depo. Newcomb p. 86-89)

**RESPONSE:**



8. In 2005, Ms. Newcomb was removed from her role as allergy supervisor and a younger nurse, Candy Monk, replaced her as supervisor. (Depo. Newcomb p. 90-93) After Ms. Monk was terminated, Ms. Newcomb was restored to her role as allergy supervisor, but later demoted again due to restructuring within the allergy department. (Depo. Newcomb p. 93-96)

**RESPONSE:**

9. A younger employee, Angel Johnson, was sent to classes and continuing education seminars, and Ms. Newcomb was not given this opportunity. (Depo. Newcomb p. 146-148)

**RESPONSE:**

10. During her tenure as allergy technician, Ms. Newcomb received excellent evaluations, based on quality of work, knowledge of work and attendance. (Depo. Newcomb p. 97-98) Her 2008 evaluation stated that she was a leader in her area, and had done very well transitioning to EMR work and learning to use the new computer system. Overall Ms. Newcomb received a "very good" rating. (Bryant Depo. Exh. 5)

**RESPONSE:**

11. In February 2009, Ms. Newcomb gave the highest number of allergy shots compared to the other nurses on her staff. In March 2009 she gave the third highest amount of allergy shots, and in April 2009 she was the highest again, compared to her peers. (Depo. Long p. 32-34; Long Depo. Exh. 1, Depo. Tucker p. 30) Also in February 2009, Ms. Newcomb had the second highest number of allergy mixes made, and in March 2009 had the third highest, with the most days worked in that month compared to her peers. (Depo. Long p. 35-37; Long Depo. Exh. 1)

**RESPONSE:**

12. Ms. Newcomb was given a letter of recommendation from Dr. Gowda. (Depo. Newcomb p. 176-177)

**RESPONSE:**

13. In April 2009, Ms. Newcomb was suddenly terminated. She was given a letter explaining attempts to make the allergy clinic more efficient had failed and she was being terminated for "staffing issues". (Depo. Newcomb p. 111-113)

**RESPONSE:**

14. Ms. Newcomb's and Ms. Russell's vacant positions were then filled by younger nurses. (Depo. Newcomb p. 118, Depo. Russell p. 4,9)

**RESPONSE:**

15. Dr. Bryant, had previously stated to Ms. Newcomb that he wanted to hire younger and healthier nurses. (Depo. Newcomb p. 129; Depo. Fleming p. 9)

**RESPONSE:**

16. Dr. Bryant told Ms. Newcomb that she looked very well "for her age." (Depo. Newcomb p. 134)

**RESPONSE:**

Respectfully submitted,

/s/ Andy L. Allman
Andy L. Allman, BPR No. 17857
ALLMAN & ASSOCIATES
Hendersonville, Tennessee 37075
Telephone: (615) 824-3761
Facsimile: (615) 264-2720
andylallman@comcast.net

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been forwarded by electronic means via the Court's electronic filing system this 21st day of August, 2012, to:

John G. Harrison (#027004)
Luther Wright, Jr. (#017626)
OGLETREE DEAKINS
SunTrust Plaza, Suite 1200
401 Commerce Street
Nashville, TN 37219

*Counsel for Defendants*

/s/ Andy L. Allman
Andy L. Allman