UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANICE E. NEWCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-cv-1230 |
| v. ) | |
| ) | Judge Sharp |
| ALLERGY AND ENT ASSOCIATES ) | |
| OF MIDDLE TENNESSEE, P.C., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court are a Motion to Alter or Amend Judgment (Docket No. 70) filed by Plaintiff Janice E. Newcomb, and a Motion for Leave to File Amicus Brief (Docket No. 69) filed by the Tennessee Employment Lawyers Association and the Disability Law and Advocacy Center of Tennessee, to which Defendant Allergy and ENT Associates of Middle Tennessee, P.C. ("Allergy ENT"), filed a response (Docket No. 73). For the reasons that follow, the motions will be GRANTED subject to the limited conditions described herein.

### I

Participation as an amicus is "a privilege within the sound discretion of the courts," *United States v. State of Michigan*, 940 F.2d 143, 165 (6th Cir. 1991). While the "vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs" and "should not be allowed," they are generally appropriate in three situations:

> when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

1

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C. J.). Because the second and third criteria are likely satisfied here, the Court need not analyze the first. Accordingly, it will consider the brief to the extent that it expounds upon the law and does not attempt to argue factual issues that were, could have been, or should have been addressed by Plaintiff at summary judgment.

The remainder of this Memorandum addresses issues raised in Plaintiff's motion and/or the letter brief (Docket No. 69-1) filed by Amici.

## II

Plaintiff urges the Court to alter or amend the judgment entered on May 3, 2013[1], because it misstated and/or misapplied various elements of the Americans with Disabilities Act ("the ADA"), the ADA Amendments Act of 2008 ("the ADAAA") and the corresponding regulatory guidance from the Equal Employment Opportunity Commission (EEOC). Defendant responds that the Court correctly analyzed the issues under the relevant law; that the purported errors would not change the outcome of the case under the unchallenged portions of the Court's analysis; and that Plaintiff is, in effect, filing a superfluous motion in order to give her additional time to consider an appeal.

"The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1998)). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

---

[1] While judgment was not set out in a separate document as required by Fed. R. Civ. P. 58(a), the record indicates that the parties and the Clerk regard the Court's May 3, 2013, Order (Docket No. 68) granting summary judgment in favor of Defendant on all claims as a final decision. The Court similarly intended it to be its final decision in the case. *See Mulhall v. Ashcroft*, 287 F.3d 543, 549 (6th Cir. 2002) (citing *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387 (1978)).

prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). "'Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose.'" *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421 at *1 (M.D. Tenn. Jan. 26, 2011) (citation omitted).[2] It "is not an opportunity to re-argue a case," *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

A.    **"Regarded As" Disabled Claim**

Plaintiff first challenges the Court's formulation of a "regarded as" disabled claim, arguing that it applied outdated law to the facts in this case, given that she was discharged on April 30, 2009, after the ADAAA had taken effect. The Court agrees that the *prima facie* case it recited (Docket No. 67 at 13) stated the law as it existed prior to January 1, 2009, and the cases it cited, *Watts v. United Parcel Serv.*, 378 F. App'x 520 (6th Cir. 2010) and *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696 (6th Cir. 2008), applied the pre-amendment version of the ADA. Indeed, in its Memorandum, the Court noted that the ADAAA "does not apply retroactively to govern conduct occurring before the Act became effective," and that "the amended law governs her termination but not conduct occurring before January 1, 2009." (Docket No. 67 at 10-11 n. 3) (citation omitted). This is because in enacting the ADAAA, "Congress broadened the class of plaintiffs who could bring a cause of action under the 'regarded as' prong, and retroactive application would therefore 'increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.'" *Milholland v. Sumner Cnty. Bd. of Educ.*, 569 F.3d 562, 566-67 (6th Cir. 2009) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994)).

---

[2] Procedurally, an order disposing of a Rule 59(e) motion "is an order or ruling that reinstates the finality of the original entry of judgment and a ruling that makes the underlying judgment appealable." *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 688 (6th Cir. 2005).

3

However, given Plaintiff's factual admissions and without the benefit of cogent summary judgment briefing[3], the Court was left to consider a post-amendment "regarded as" claim based upon pre-amendment proof—and scant proof at that. That is why the Court stated a *prima facie* case "under these facts." (Docket No. 67 at 13). Plaintiff's April 2009 termination is certainly governed by the amended act, but the only conduct she cites in her *two sentences* of "regarded as" discussion—"Defendant's[4] statement that he needed to hire younger healthier nurses and was aware of her requests for accommodations"—occurred in 2006 (Docket No. 41 ¶ 23, Dr. Bryant's statement) and late 2007 to early 2008 (*id.* ¶ 12, one specific request for accommodation), well before the ADAAA took effect. (*See* Docket No. 40 at 10).

To the extent Plaintiff's argument, such as it is, is based on Dr. Bryant's conduct, the Court would analyze his view of her under the law as it existed at the time. After all, the ADAAA "does not apply to pre-amendment conduct," *Milholland*, 569 F.3d at 567—note that it says "conduct" and not "claims arising before 2009"—and holding Dr. Bryant to a liability standard that would not take effect for some years would "attach[] new legal consequences to events completed before its enactment," interfering with "familiar considerations of fair notice, reasonable reliance, and settled expectations." *Landgraf*, 511 U.S. at 270. Plaintiff's discharge, meanwhile, should be analyzed under the more generous ADAAA framework, which requires an individual to establish "that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Saley v. Caney Fork, LLC*, 886

---

[3] To cite one example, she provided no analysis of her claim under the indirect evidence framework, mistakenly arguing it as if she had proffered direct evidence of discrimination. She correctly noted, however, that it is "vital" to distinguish between cases that involve direct and indirect evidence. (Docket No 40 at 9 n. 1).

[4] In fact, Allergy ENT is the named defendant in this case, not Dr. Bryant.

4

F. Supp. 2d 837, 849 (M.D. Tenn. 2012) (quoting and citing 42 U.S.C. § 12102 and accompanying federal regulations).

Under either standard, Plaintiff's "regarded as" claim fails. As pertains to the evidence of a comment made by Dr. Bryant in 2006, the Court reiterates its earlier analysis indicating that one statement, made by one supervisor three years before her termination, does not create a triable issue of fact on whether Defendant Allergy ENT perceived her as having an ongoing disability under the law as it existed at the time. (*See* Docket No. 67 at 13-15). It also does not create a triable issue of fact on whether Plaintiff was perceived to have a physical impairment at the time she was terminated, as required by the ADAAA, given Plaintiff's admission that "she was not subject to any medical restrictions related to her foot" after April 2008, when her "broken left foot" was "completely healed." (Docket No. 41 at ¶¶ 7-9, 12).[5] Even under the amended law, the statements of undisputed material facts and the responses thereto do not establish a genuine issue of material fact on the question of whether Plaintiff had a perceived physical impairment.

Under the ADAAA, a "regarded as" claim may also be based on "an actual . . . physical impairment," whether or not it limits a major life activity.[6] Plaintiff's admission that she was not subject to "any medical restrictions related to her foot" after the removal of the boot in 2008 forecloses this claim. Indeed, she otherwise states only that she was inflicted with *plantar*

---

[5] To the extent Plaintiff's factual assertions at summary judgment were not accompanied by citations to evidence in the record or contradicted material facts that she had elsewhere indicated were undisputed, the Court regarded them as undisputed. *See* Fed. R. Civ. P. 56(c) & (e).

[6] Courts applying the ADAAA have noted the effect of defining "regarded as" to include adverse action due to an actual impairment that does not limit a major life activity. *See, e.g., Jennings v. Dow Corning Corp.*, 12-12227, 2013 WL 1962333, at *9 (E.D. Mich. May 10, 2013) ("The puzzling result is that plaintiffs are now entitled to protection under the ADA without evidence that they are 'disabled,' or that an employer regarded them as such. It is enough that an employer took some adverse employment action because of some impairment, whether real or imagined, no matter how insubstantial.") (footnote omitted).

*fasciitis* "in or about 2006" (Docket No. 50 ¶ 4), and has suffered from it "at various times since 2005" (Docket No. 41 ¶ 6), which does not create a genuine issue of material fact on the question of whether Plaintiff suffered from a physical impairment in 2009.

Without evidence to satisfy the first prong, Plaintiff cannot demonstrate an issue of material fact regarding the second prong of the ADAAA "regarded as" analysis, which requires that she have been subjected to an adverse action "because of" an impairment, real or perceived. This requires some proof that her actual or perceived impairment was the "'but-for' cause of [her] employer's adverse decision." *Bailey v. Real Time Staffing Servs., Inc.*, 2:11-cv-02055V, 2012 WL 7657897, at *4 (W.D. Tenn. Aug. 7, 2012) (citing *Lewis v. Humboldt Acquisition Corp., Inc.,* 681 F.3d 312, 321 (6th Cir.2012) (en banc)). She did not meaningfully address this part of the analysis in her summary judgment brief. But, for the same reasons she cannot establish that she was regarded as disabled or that her termination was pretextual, (*see, e.g.*, Docket No. 67 at 14-17), a reasonable juror could not conclude based on Dr. Bryant's 2006 remark that her disability was the but-for cause of her termination.

**B.     Actual Disability**

With respect to the Court's analysis of Plaintiff's disability discrimination[7] claim, Plaintiff challenges the Court's citation to a pre-2009 case and its invocation of the list at 29 C.F.R. § 1630.2(j)(3)(iii). However, the Court's analysis turned upon Plaintiff's fatal summary judgment admissions: that her inability to walk and work arose from a temporary hairline fracture; that her fracture was fully healed a year before her termination and does not form the basis of her ADA claim; that she was under no medical restrictions and had no concerns about

---

[7] Plaintiff describes the relevant passage as analyzing "the accommodation claim(s)," (Docket No. 70 at 3), but the Court discussed that claim earlier in its Memorandum, (*see* Docket No. 67 at 9) ("Newcomb admits that the only specific request for accommodation she made was granted, which forecloses the possibility of a failure to accommodate claim.").

6

excessive walking from spring 2008 through the date of her termination; and that at the relevant time she had no difficulty working or caring for herself. Case law is not required for the Court to conclude that the facts as stipulated at summary judgment preclude a finding of actual disability within the meaning of § 12102(1)(A).[8]

**C.     Record of Disability**

Plaintiff now argues for the first time in this litigation that the Court should analyze her disability discrimination claim under a "record of" impairment theory. *See* 42 U.S.C. § 12102(1)(B). However, "under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted). Plaintiff did not assert a disability claim based on her "record of" impairment, and the Court is not, nor should it be, in the habit of evaluating arguments that were not presented by litigants. It was difficult enough to discern and evaluate the ones that were actually presented. (*See, e.g.,* Docket No. 40 at 12-14 (quoting a multi-page passage from *DeAngelo v. DentalEZ, Inc.*, 738 F. Supp. 2d 572, 578-79 (E.D. Penn. Sept. 2, 2010), written from the perspective of "the Court," without quotation marks or attribution) & *id.* at 14 (entirety of two-paragraph indirect evidence argument fails to reference facts of case)).

**D.     Pretext**

In her Motion to Alter or Amend, Plaintiff does not challenge the Court's conclusion that she cannot prove, as a matter of law, that Defendant's explanation is actually a pretext for its

---

[8] Plaintiff also argues that under the ADAAA, the Court must consider Plaintiff as she would have been without regard to mitigating measures. However, neither party has forwarded evidence that mitigating measures were in use at the time Plaintiff was terminated—she was not on crutches, (Docket No. 34-1 at 27-28), nor was she wearing a "cast type boot" (Docket No. 50 ¶ 4)—and the only measure addressed in the statements of undisputed material facts, the boot, was related to Plaintiff's foot fracture.

discriminatory conduct. *Whitfield*, 639 F.3d at 259. Thus, while she seeks clarification of the Court's legal analysis, she offers no meaningful argument that the finality of the judgment should be disturbed.

## **CONCLUSION**

For the foregoing reasons, the Motion for Leave to File Amicus Brief will be GRANTED. The Motion to Alter or Amend Judgment will be GRANTED only to the extent it clarifies the analysis in the Court's prior Memorandum, and will otherwise be DENIED.

An appropriate Order will be entered.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE